# IN THE COURT OF APPEALS OF IOWA

No. 20-0826
Filed February 3, 2021

**IN THE INTEREST OF B.E.,**
**Minor Child,**

**M.E., Father,**
    Petitioner-Appellee,

**J.F., Mother,**
    Respondent-Appellant.

_____

Appeal from the Iowa District Court for Madison County, Kevin Parker, District Associate Judge.

A mother appeals the termination of her parental rights to her child. **AFFIRMED.**

Raya D. Dimitrova of Carr Law Firm, P.L.C., Des Moines, for appellant mother.

Andrew B. Howie of Shindler, Anderson, Goplerud & Weese, P.C., West Des Moines, for appellee father.

Brittany Sandler of Tollakson Law, PLLC, West Des Moines, attorney and guardian ad litem for minor child.

Considered by Mullins, P.J., and May and Schumacher, JJ.

**MAY, Judge.**

The juvenile court terminated the mother's parental rights to her child, B.E., in a private termination proceeding. On appeal, the mother argues (1) the father failed to establish abandonment under Iowa Code section 600A.8(3)(b) (2019) and (2) termination is not in B.E.'s best interest. We affirm.

## I. Background Facts and Proceedings

B.E was born in 2009. Her parents never married. In April 2010, the district court entered a stipulated order giving B.E.'s parents shared physical care and joint legal custody of B.E. with no child support obligation. In August 2013, the court entered a stipulated modification order. It gave the father physical care and sole legal custody of B.E. The new order also placed restrictions on the mother's visitation: Until she "provide[d] proof that she has completed a substance abuse evaluation," the mother was only allowed supervised visitation with B.E. The mother was also required to pay $104 per month in child support.

In January 2016, the court entered a second stipulated modification order. It allowed the mother extended visitation with B.E. But in late 2017, the father learned the mother's substance abuse had worsened. The mother became inconsistent with her visits. Around two or three months passed with no visits between B.E. and her mother.

In December 2018, the court entered a third modification order. It required the mother to complete inpatient treatment before she could have supervised visits with B.E. The court also ordered the mother to "complete the Children in the Middle educational class . . . prior to the onset of any visitation."

Since the latest modification of her visitation, the mother has failed to maintain a relationship with B.E. She has not seen B.E. since July 2018. While she claims a sobriety date of May 6, 2019, she has not completed inpatient treatment. She did complete the required educational class nine months after the court ordered it but only after the father filed the current action for termination of her parental rights. From 2013 to 2019, the mother paid a total of $215 in child support for B.E.

In June 2019, the father filed a petition for private termination. He alleged the mother abandoned B.E. and her parental rights should be terminated under Iowa Code section 600A.8(3)(b), (4), and (5).

The court heard evidence in November and December 2019. At that time, B.E. was ten years old.

In May 2020, the juvenile court issued an order terminating the mother's parental rights pursuant to section 600A.8(3)(b). The mother now appeals.

## II. Standard of Review

"We review private termination proceedings de novo." *In re G.A.*, 826 N.W.2d 125, 127 (Iowa Ct. App. 2012). "We give deference to the factual findings of the juvenile court, especially those relating to witness credibility, but we are not bound by those determinations." *Id.*

## III. Analysis

The mother argues (1) the father failed to prove she abandoned B.E. under section 600A.8(3)(b) and (2) termination of her parental rights is not in B.E.'s best interest. We address each argument in turn.

### A. Abandonment

"In a private termination proceeding, the petitioner[] must establish by clear and convincing evidence the statutory ground . . . authorizing the termination of parental rights." *In re T.S.*, No. 15-0443, 2015 WL 5311413, at *1 (Iowa Ct. App. Sept. 10, 2015). Abandonment is one of the statutory grounds permitting termination. Iowa Code § 600A.8(3). Section 600A.8(3)(b) provides,

> [A] parent is deemed to have abandoned the child unless the parent maintains substantial and continuous or repeated contact with the child as demonstrated by contribution toward support of the child of a reasonable amount, according to the parent's means, and as demonstrated by any of the following:
> (1) Visiting the child at least monthly when physically and financially able to do so and when not prevented from doing so by the person having lawful custody of the child.
> (2) Regular communication with the child or with the person having the care or custody of the child, when physically and financially unable to visit the child or when prevented from visiting the child by the person having lawful custody of the child.
> (3) Openly living with the child for a period of six months within the one-year period immediately preceding the termination of parental rights hearing and during that period openly holding himself or herself out to be the parent of the child.

On appeal, the mother argues the evidence does not support the juvenile court's finding of abandonment.[1] We disagree. Following our de novo review, we conclude the father has proven by clear and convincing evidence that the mother failed to "maintain[] substantial and continuous or repeated contact" with B.E. as contemplated by section 600A.8(3)(b). To begin with, the record shows the mother has failed to make "contribution[s] toward support of the child of a reasonable

---

[1] The mother also argues there is no "nexus between the [m]other's drug usage and any direct risk or harm to the [c]hild." While this nexus is sometimes a requirement for termination of parental rights by the State under chapter 232, the father was not required to show it in a private termination under chapter 600A.

amount." *See id.* § 600A.8(3)(b). Despite being ordered to provide $104 per month in child support for B.E., the mother has provided a total of only $215 in approximately six years. And while section 600A.8(3)(b) only requires parents to provide support "according to the parent's means," we find the mother's paltry contribution to fall far short of what she was capable of providing over the course of six years.

Moreover, the mother failed to "[v]isit[] the child at least monthly when physically and financially able to do so and when not prevented from doing so by the person having lawful custody of the child." *See id.* As already mentioned, the mother has not seen B.E. in over a year. The father testified that at no point did he receive communication that the mother wanted to see B.E. And the mother does not allege that the father prevented her from seeing B.E.

Rather, the mother's own conduct prevented her from seeing B.E. After the juvenile court suspended her visitations, she failed to complete inpatient treatment. And she only completed the required educational class after the father filed to terminate her parental rights. Both were required by the court before her visitations could resume.

Additionally, when the mother was unable to visit, she failed to maintain "[r]egular communication with the child." *See id.* The mother has not been engaged in B.E.'s education or extracurricular activities in years. And she has not given B.E. Christmas or birthday presents in years. But the mother testified that in the five to six months prior to the termination hearing, she attempted to

communicate with B.E. through letters sent to B.E.'s aunt[2] as well as text messages, emails, and one phone call to the father.[3] Yet the mother provided no reasoning for her approximately one-year absence from B.E.'s life prior to the father filing to terminate her parental rights. Moreover, the mother only started trying to communicate with B.E. after the father had a conversation with the mother's sister (B.E.'s aunt) about possibly filing to terminate the mother's parental rights.

Finally, it is undisputed the mother did not live "with the child for a period of six months" during the year prior to the termination hearing. *See id.*

In short, clear and convincing evidence establishes that the mother abandoned B.E. under section 600A.8(3)(b).

**B. Best-Interest Analysis**

The mother also argues termination is not in B.E.'s best interest. She claims her recent sobriety should allow her to "proceed to visitation."

The child's best interest is the "paramount consideration" when determining whether to terminate. *Id.* § 600A.1(1). Section 600A.1(2) provides,

> The best interest of a child requires that each biological parent affirmatively assume the duties encompassed by the role of being a parent. In determining whether a parent has affirmatively assumed the duties of a parent, the court shall consider, but is not limited to consideration of, the fulfillment of financial obligations,

---

[2] B.E. only received one of the letters given to her aunt. B.E.'s aunt testified that after giving B.E. the first letter, B.E. told her that she did not want any more letters from her mother. The father also testified that B.E. received two other letters at their home address but B.E. threw them in the trash.

[3] The mother did not produce any of these text messages or emails at trial. The father testified that the communications he received from the mother were angry text messages and emails directed at him. The communications often came from different phone numbers and email addresses, which made it hard to follow which came from the mother.

demonstration of continued interest in the child, demonstration of a genuine effort to maintain communication with the child, and demonstration of the establishment and maintenance of a place of importance in the child's life.

Following our de novo review, we conclude termination was in B.E.'s best interest. *See In re A.C.W.*, No. 18-0287, 2018 WL 4923172, at *3 (Iowa Ct. App. Oct. 10, 2018). As previously discussed, the mother has not paid child support. She has not demonstrated a "genuine effort to maintain communication" in the last year of B.E.'s life. *See* Iowa Code § 600A.1(2). She has not timely followed court orders that—if followed—could have given her greater contact with B.E. As the district court found, the mother has "placed illegal substances ahead of [B.E.] for many years." Moreover, multiple witnesses testified that B.E. is scared of her mother and does not wish to have a relationship with her. Conversely, the father is able to support all of B.E.'s needs. So we find termination was appropriate.

## IV. Conclusion

The district court properly terminated the mother's parental rights.

**AFFIRMED.**